ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2004 FEB 20 PM 1:24

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BRIAN DUNN,                          )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )    CIVIL ACTION FILE
                                     )    NO. CV 4 0 4 - 0 2 5
CSX TRANSPORTATION, INC.,            )
                                     )
          Defendant.                 )

**NOTICE OF REMOVAL TO FEDERAL COURT**

CSX Transportation, Inc. (hereinafter "CSXT"), defendant in the above-styled action, within the time and in the manner prescribed by law, hereby files its Notice of Removal pursuant to the provisions of 28 U.S.C. § 1441, et seq., and shows the following:

1.

Brian Dunn filed suit against CSXT in the State Court of Chatham County, Georgia, which is within the Savannah Division of the United States District Court for the Southern District of Georgia. This action is entitled Brian Dunn v. CSX Transportation, Inc., and is known as Civil Action No. 104020101 in that Court.

2.

On information and belief, Brian Dunn is a resident and citizen of the State of Georgia.

3.

Defendant CSXT is incorporated under the laws of the State of Virginia and has its principal place of business in Jacksonville, Florida. It is not a citizen of the State of Georgia.

4.

Plaintiff alleges that he was injured in the course of his authorized employment with Rail Serve, Inc. while climbing onto a rail car "owned or otherwise controlled by defendant CSXT." Plaintiff alleges that he grasped a grap-iron which "gave way" and that, in his effort to keep from falling from the rail car, his right wrist and hand were "severely injured." According to plaintiff, "a[s] a direct and proximate result of the negligent acts and omissions of [CSXT], Plaintiff was caused to be injured, and continues to be injured, which injury will continue into the future." Plaintiff further alleges that he has incurred general and special damages, including mental and physical pain and suffering, both past and future.  Additionally, plaintiff contends that "he has suffered, and will continue into the future to suffer from, a diminished capacity to work and labor, and has lost income."  Plaintiff also asserts he has incurred medical expenses for treatment of his injuries.

5.

On the basis of the above, i.e., plaintiff's allegations that he was "severely injured" and that he should recover for general and special damages, including past and future mental and physical pain and suffering, medical expenses, as well as for lost income he has allegedly sustained and purportedly will continue to suffer, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  The United States District Court has original jurisdiction over this civil action because it is a controversy between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1332.  This action was commenced on or about January 16, 2004, and defendant was served on January 22, 2002.

6.

At the present time removal to this Court and division is appropriate under 28 U.S.C. § 1441(a)

7.

Pursuant to statute, a copy of this Notice of Removal will be promptly filed with the State Court of Chatham County and served on all parties in interest.

8.

Pursuant to statute, a copy of all process, pleadings, and other documents served on the defendant in that action styled <u>Brian Dunn v. CSX Transportation, Inc.</u>, Civil Action No. I040201GI in the State Court of Chatham County, Georgia, are attached hereto as Exhibit "A."

9.

This Notice of Removal is filed within thirty days of service of process on defendant's registered agent, and is therefore timely.  No orders have been entered.

WHEREFORE, Defendant prays that this case be removed to the United States District Court for the Southern District of Georgia, Savannah Division.

This _20_ day of February, 2004.

_____
JAMES W. PURCELL
Georgia Bar No. 589850
MICHAEL N. LOEBL
Georgia Bar No. 455709

Attorneys for Defendant

OF COUNSEL:
FULCHER, HAGLER, REED,
   HANKS & HARPER, LLP
POST OFFICE BOX 1477
AUGUSTA, GA 30903-1477
(706) 724-0171

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served a copy of the foregoing NOTICE OF

REMOVAL TO FEDERAL COURT upon the following:

> Noble L. Boykin, Jr., Esq.
> Jones, Boykin, Stacy &
>   Associates, P.C.
> 213 E. 38th Street
> Savannah, GA 31401

by depositing said copy in the United States Mail with adequate postage affixed thereto to ensure

proper delivery of same.

This _20_ day of February, 2004.

_Michael Loeb_

EXHIBIT "A"

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA                    04 JAN 16  PM 4: 45

| | | |
|---|---|---|
| BRIAN DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW BRIAN DUNN, Plaintiff herein, and files this his Complaint against the Defendant, CSX TRANSPORTATION, INC., as follows:

1.      Defendant CSX TRANSPORTATION, INC. (hereinafter "CSXT") is a foreign corporation with its principal place of business in the State of Florida.  Said Company is authorized to transact business in the State of Georgia.  Said Defendant maintains an office and place of doing business in Savannah, Chatham County, Georgia, and is subject to the jurisdiction of this Court.

### COUNT I

2.      On January 17, 2003, at approximately 7:00 p.m., Plaintiff BRIAN DUNN was lawfully on the premises of International Paper Company's paper manufacturing facility in Chatham County, Georgia, in his capacity as an employee of Rail Serve, Inc.

3.      At that time and place, Plaintiff, while in the course of his authorized employment duties with Rail Serve, Inc., was required to climb onto a rail car owned or otherwise controlled by Defendant CSXT.

4.      Said rail car, unknown to Plaintiff, had a grab-iron missing a bolt.

5.     When Plaintiff grabbed the iron, it gave way.  Plaintiff then attempted to keep himself from falling from the car, caught onto the car by his right hand, causing his right wrist and hand to be severely injured.

6.     Defendant CSXT was negligent in its inspection of the car, in maintaining the car in a defective condition, in failing to warn Plaintiff of the danger, in failing to exercise ordinary care under the circumstances in regard to said car, and in other ways which will be established through the evidence.

7.     As a direct and proximate result of the negligent acts and omissions of the said Defendant above named, Plaintiff was caused to be injured, and continues to be injured, which injury will continue into the future.

8.     Plaintiff shows that, as a direct result of the negligence of the said Defendant, he has incurred, and will into the future continue to incur, general and special damages, including mental and physical pain and suffering, past and future.

9.     Plaintiff shows that, as a result of the aforementioned negligence of the Defendant, he has suffered, and will continue into the future to suffer from, a diminished capacity to work and labor, and has lost income.

10.     Plaintiff further shows that, as a result of the aforementioned negligence, he has incurred medical expenses for treatment of his injuries.

<u>COUNT II</u>

11.     Plaintiff hereby realleges and reincorporates every allegation contained in paragraphs 2 through 10 of Count I as if set forth fully herein.

12.     The defective grab-iron as referenced above constitutes a violation of the Safety Appliance Act, 45 U.S.C.(a) § 1, et seq. (1910).

13.     Further still, the above-referenced violation of the Safety Appliance Act would give rise to liability as against the said Defendant based upon the doctrine of negligence per se.

2

WHEREFORE, Plaintiff demands judgment against the Defendant based upon both counts, as follows:

      a.      Damages in an amount to be established by the jury, including general and special damages, past and future;

      b.      All costs of the within action; and

      c.      Such other and further relief as the Court deems just and equitable.

Dated this _16th_ day of January, 2004.

JONES, BOYKIN, STACY & ASSOCIATES, P.C.

By: _____

NOBLE L. BOYKIN, JR.
Georgia State Bar No. 073400
Attorney for Plaintiff BRIAN DUNN

213 E. 38th Street
Savannah, GA 31401
(912) 236-6161

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

BRIAN DUNN,                          )
                                     )
            Plaintiff,               )
                                     )
v.                                   )          Civil Action No.
                                     )
CSX TRANSPORTATION, INC.,            )
                                     )
            Defendant.               )


**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS OF FACT TO DEFENDANT**

To:    CSX Transportation, Inc.

       Pursuant to Section 36 of the Georgia Civil Practice Act (O.C.G.A. § 9-11-36), you are

requested to admit or deny the following statements for the purpose of this action only within the

time prescribed by law.  Please be advised that should any Request for Admission be denied

which Plaintiff subsequently proves the truthfulness of, Plaintiff will apply for an award of

expenses, including attorney fees, necessary to prove the truthfulness.  O.C.G.A. § 9-11-37(C).

       1.      Your name as it appears in the above-styled action is complete and correct.

       2.      The State Court of Chatham County, Georgia, has acquired personal jurisdiction

over you in the above-styled action.

       3.      The State Court of Chatham County, Georgia, has subject matter jurisdiction in

the above-styled action.

       4.      Venue in the above-styled action is proper in Chatham County, Georgia.

       5.      CSXT is the owner of the rail car on which Plaintiff alleges he was injured on

January 17, 2003.

       6.      As of January 17, 2003, and as of the time Plaintiff contends he was injured,

Defendant CSXT controlled said rail car in regard to its condition and movements.

Dated this _16_ day of January, 2004.

JONES, BOYKIN, STACY & ASSOCIATES, P.C.

By:  _____

NOBLE L. BOYKIN, JR.
Georgia State Bar No. 073400
Attorney for Plaintiff BRIAN DUNN

213 E. 38th Street
Savannah, GA 31401
(912) 236-6161

2

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

BRIAN DUNN,                          )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )       Civil Action No.
                                     )
CSX TRANSPORTATION, INC.,            )
                                     )
        Defendant.                   )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

To:     CSX Transportation, Inc.

COMES NOW the Plaintiff in the above-styled cause, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34 and other applicable portions of the Civil Practice Act, and requires the Defendant to answer under oath the following interrogatories within the time provided by law and that a copy of said answers be furnished to Plaintiff's attorneys.

NOTE A:  When used in these Interrogatories, the term "Defendant," or any synonym thereof is intended to and shall embrace and include, in addition to said Defendant, counsel for Defendant and all agents, servants, employees, representatives, private investigators and others who are in possession of, or may have obtained information for or on behalf of the Defendant to whom the Interrogatories are directed.

NOTE B:  These Interrogatories shall be deemed continuing and supplemental answers shall be required if the Defendant, directly or indirectly, obtains further information of the nature sought after answers are initially served.

NOTE C:  When used in these Interrogatories, the terms "you" and "your" are intended to and shall embrace and include in addition to the named party to whom they are directed, said named party's attorneys, any and all agents, employees, independent contractors, claims adjustors, representatives, private investigators, and all others who are in possession of or may have obtained information on said party's behalf.

NOTE D:  All questions relate to the incident complained of which occurred on January 17, 2003.

        1.      State the name, address, telephone number, place of employment, and job title or capacity of every person known to you or reasonably believed by you to have been an eyewitness to the incident.

2.      State the name, address, telephone number, place of employment, job title or capacity, and summary of relevant facts known regarding every person who has or purports to have knowledge or information of any fact pertaining to the incident.

3.      If you have consulted with any person holding him or herself out to be an expert or consultant in any field with respect to any of the issues in this case, including any person employed or used by your attorneys to assist them in the preparation or investigation of your case, please state the following:

a.      his or her name, address, telephone number, place of employment, job title or capacity;

b.      whether he or she is expected to testify at trial, either live or by deposition, and, if so, the substance of the facts and opinions which will or may be stated and a summary of the grounds of each; and

c.      whether he or she has rendered any correspondence, statements, or reports (whether written or otherwise), and as to each, its date and a summary thereof.

4.      Regardless of whether you object to production of any or all statements obtained, if any statement, written or otherwise, was obtained from you or anyone else regarding any matter involved in this case, as to each such statement please state the name, address, telephone number, place of employment, job title or capacity of the person giving the statement, the name, address, telephone number, place of employment, job title or capacity of all other persons present during the giving of the statement, and the date of the statement.

5.      If any photographs, charts, diagrams, plats, drawings, moving pictures, videotapes, models, or other depictions exist, (whether prepared by you or anyone else), which depict any scene, object, or person which is or may be relevant to any matter involved in this case, then as to each such depiction please:

a.      identify it with sufficient specificity to enable counsel to frame a Request for Production of Documents regarding the same, including but not limited to, a description of the

2

same, its date of creation, and the name, address, telephone number, place of employment, job title or capacity of the person creating it and of all persons presently in possession of the same.

6.      If on the date of the incident there was in effect any policy or policies of insurance, either motor vehicle, homeowner's, comprehensive, liability, so-called "umbrella," or excess coverage, or any type of liability policy or other type of policy of insurance by or through which you were or might be insured or covered in any manner for any cause of action for damages claimed against you in the above-styled action, please state as to each such policy the following:

a.      the insurer's and the named insured's names and addresses, respectively, the policy number, and its effective dates; and

b.      the types and limits of coverage.

7.      Please describe with sufficient specificity to enable counsel to frame a Request for Production of Documents all documents and tangible items not already described in your answer to these interrogatories, which are relevant to the facts or issues in this action.

8.      As to each respective Request for Admission served upon you in this action which you deny in whole or in part, please state the following:

a.      every fact, reason, and all details upon which you rely that do or will support your denial; and

b.      the name, address telephone number, place of employment, and job title or capacity of all persons who do or might possess knowledge of any fact or detail so relied upon.

9.      If you contend that Plaintiff or any individual other than Defendant named herein was negligent in any respect as to the incident or injuries sustained therein, please state the name, address, telephone number, place of employment, job title or capacity of each person, and as to each, specify every act of negligence which you contend was committed, and set forth by name, title, and section or paragraph number every statute, ordinance, rule, code section, or regulation you contend was violated.

10.     If there existed any mechanical defects, malfunctions, or damage to the rail car as referenced in the Complaint of such nature as to necessitate repairs, please state:

3

a.      the nature of the defect or malfunction;

b.      how you believe it contributed to the incident;

c.      the name, address, telephone number, place of employment and job title and/or capacity of any other person who has information or knowledge of the defect or malfunction; and;

d.      the name, address, telephone number, place of employment and job title and/or capacity of every person or entity performing such repairs.

11.     Do you contend that any admissions respecting the issues in this suit were made by parties to this suit or by their representatives?  If your answer to this interrogatory is yes, set forth the substance of each such admission, the names and addresses of each person making the admission or admissions, the names and addresses of all persons present when the admission or admissions were made, the location where and the time when such admissions were made.  If the admission was reduced to writing, attach a copy hereto or describe the writing by date, subject matter, and the person who presently has custody of same.

12.     If you contend that any facts, information, testimony, documents or tangible items exist, which impeach or which may tend to impeach, contradict or discredit the testimony (or expected testimony) of the Plaintiff in this action, then (a) set forth in detail the substance of the impeaching information and identify all persons, by name and address having knowledge of any such impeaching information.  (b) If any such impeaching information is in written or tangible form, identify same by date of rendition, name and address of the person authoring or otherwise reducing same to tangible form, and name and address of person with custody of same.

13.     Please state your contentions as to how the incident in question occurred, specifying all acts leading up to and through the injury in question.

14.     Please identify all persons or entities with an ownership interest in the rail car as referenced in the Complaint as of January 17, 2003, and all persons or entities leasing or otherwise controlling the rail car as of said date.

15.      Please identify all agreements which existed between CSXT and Rail Service, Inc., for switching and other services as of January 17, 2003.

16.      Please identify all agreements between International Paper Company (hereinafter "IP"), CSXT and/or Rail Serve, Inc., pertaining to rail services, use or handling of rail cars, inspection of rail cars, repair of rail cars, notification as to defects in rail cars, and any and all other agreements of any type or nature which were in existence as of said date which would be applicable to cars on the premises of IP in Chatham County, Georgia on January 17, 2003.

17.      If you contend that the Plaintiff was out of the place or not where he was supposed to have been by virtue of rule, regulation, or law as of the date and time of the incident, please specify where you contend he was, and what rule, regulation, or law upon which you base your contention.

18.      Please identify the owner of the location where Plaintiff alleges he was injured as of the date and time of the incident.

19.      Please identify any and all changes to the location, modifications, and repairs to the rail car since the date of the incident.

19.      As to the rail car on which Plaintiff alleges he was injured, please identify all documents evidencing ownership of said rail car, leases of said rail car, or other documents evidencing control and movements of the rail car for a period of 120 days prior to and after the date of the incident in question.

20.      Please identify all documents which would indicate all inspections, repairs, modifications or the like, of said rail car for a period of six months prior to the date of January 17, 2003, and all such documents pertaining to said car for a period of six months following the date of January 17, 2003.

21.      If the rail car in question was altered in any way since the date of January 17, 2003, please identify all such changes, modifications and repairs, and the name, address, and telephone number of the person or entity effecting same.

5

Dated this 16th day of January, 2004.

JONES, BOYKIN, STACY & ASSOCIATES, P.C.

By: _____

NOBLE L. BOYKIN, JR.
Georgia State Bar No. 073400
Attorney for Plaintiff BRIAN DUNN

213 E. 38th Street
Savannah, GA  31401
(912) 236-6161

6

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

BRIAN DUNN,                          )
                                     )
                Plaintiff,           )
                                     )
v.                                   )        Civil Action No.
                                     )
CSX TRANSPORTATION, INC.,            )
                                     )
                Defendant.           )


**PLAINTIFF'S FIRST REQUEST TO DEFENDANT FOR**
**PRODUCTION OF DOCUMENTS AND TANGIBLE ITEMS**

To:    CSX Transportation, Inc.

YOU ARE HEREBY REQUESTED to produce for inspection and copying at the offices

of JONES, BOYKIN, STACY & ASSOCIATES, P.C., 213 E. 38th Street, Savannah, GA 31401,

within forty-five (45) days from the date of service of this request upon you, the following

documents or tangible items, to-wit:

NOTE A: As used herein, the term "tangible thing" is intended to and shall embrace and
include everything which is included in the definition of "tangible thing" as that term is used in
Rule 34 of the Georgia Civil Practice Act.

NOTE B: As used herein, the term "person" is intended to and shall embrace and include
all natural persons and any type of entity whatsoever, including, but not limited to, partnerships,
associations, corporations, government agencies, and government departments.

NOTE C: As used herein, the term "document" includes all letters, telephone records and
notations, minutes, bulletins, instructions, advertisements, literature, reports, published opinions,
treatises, textbooks, records, memoranda, notes, notebooks, work sheets, x-rays, payment
records, drawings, agreements, memoranda of conversations, recordings, photographs, diaries,
computer printouts, information stored on computers but of which no printout presently exists, and
all other written, recorded, photographic or graphic items and all records of information or
communication of whatever type or nature, whether tangible or not, by whomever produced or
reproduced now or at any time in Defendant's actual or constructive possession, custody or control,
further including without limitation any items which are included in the definition of "document" as
that term is used or meant in Rule 34 of the Georgia Civil Practice Act, including copies or
reproductions of all the foregoing items upon which notations and writings have been made which
do not appear on the originals.

NOTE D: These discovery requests shall be deemed continuing so as to require supplemental responses if you or your attorneys obtain further information between the time the answers are served and the time of the trial.

1.      All models, photographs, charts, plats, drawings, moving pictures, video tapes, or films, made of any person or persons, place or places, thing or things, which depict, tend to depict, or might reasonably be considered to depict any issue raised by this lawsuit.

2.      All written or transcribed statements of any witness, including any expert witness, or any other person having or claiming to have any knowledge of any matter relevant to the issues in this case.

3.      All tape recordings or other sound reproductions or recordings of any statement or interview or questioning of any witness, including any expert witness, or of any other person having or claiming to have any knowledge of any matter relevant to the issues in this case.

4.      Any reports, correspondence, diagrams, charts, memos, or other documents concerning any issues raised by this lawsuit produced by any witness, including any expert witness or any other person having or claiming to have knowledge of any matter relevant to the issues in this case.

5.      Original or true copies of all policies of insurance which do or may provide any coverage as to any of the injuries or damages claimed against you in the above-styled action.  This request directs itself not only to the declarations page of such policy but to the entire policy.

6.      Any surveillance or investigatory material which depicts or attempts to depict or is claimed to depict any issue raised in this lawsuit, said materials to include, but not be limited to any tapes, photographs, wire taps, recordings, motion pictures, video tapes, or other documentation of the Plaintiff or of any other person identified by Plaintiff who has or claims to have knowledge of the issues raised in this lawsuit.

7.      Any and all documents or tangible items you refer to in your answers to any of Plaintiff's interrogatories directed to you.

2

8.      All documents showing or which may evidence ownership, leases, or control of the rail car in question as of January 17, 2003, which is the subject matter of this suit as described in the Complaint.

9.      All documents evidencing repairs, modifications, or changes to the rail car in question, including documents evidencing routine maintenance from June 15, 2002, through date.

10.     Any and all photographs of the scene and/or rail car in question.

11.     Please provide the rail car in question for inspection at a reasonably convenient time and place.

12.     Any and all contracts as between CSX Transportation, Inc., International Paper Company, and/or Rail Serve, Inc., as of January 17, 2003.

13.     Any and all contracts between International Paper and Rail Serve, Inc., in effect as of January 17, 2003, pertaining to matters discussed in interrogatory number 17.

14.     Any and all agreements between Rail Serve, Inc., and International Paper Company pertaining to use, movement, storage, repair, or inspection of cars on International Paper Company's premises in Savannah, Chatham County, Georgia.

15.     All inspection requests and reports of movement of said car for the period of June 15, 2002, to date.

Dated this _16th_ day of January, 2004.

                                        JONES, BOYKIN, STACY & ASSOCIATES, P.C.


                        By:     _____
                                NOBLE L. BOYKIN, JR.
                                Georgia State Bar No. 073400
                                Attorney for Plaintiff BRIAN DUNN

213 E. 38th Street
Savannah, GA  31401
(912) 236-6161


3

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

BRIAN DUNN,                          )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )          Civil Action No.
                                     )
CSX TRANSPORTATION, INC.,            )
                                     )
          Defendant.                 )

## MOTION FOR SPECIAL APPOINTMENT OF PROCESS SERVER

COMES NOW Plaintiff BRIAN DUNN and files this his Motion for Special Appointment of Process Server, showing this Honorable Court the following:

1.      For proper service to be perfected in the above-styled case, service must be perfected in the area of Lawrenceville, Gwinnett County, Georgia.

2.      Plaintiff desires an Order appointing ROGER L. GLADDEN to obtain service in this action on Defendantfor service to be perfected in a timely manner.

3.      Movant's counsel has utilized ROGER L. GLADDEN in the past for service of process and he has been appointed on numerous occasions by the Superior Courts of Chatham County, Georgia, for service of process.

WHEREFORE, Plaintiff requests an Order appointing ROGER L. GLADDEN to serve process upon Defendant in the above-styled matter.

Dated this 16th day of January, 2004.

JONES, BOYKIN, STACY & ASSOCIATES, P.C.

By: _____
NOBLE L. BOYKIN, JR.
Georgia State Bar Number 073400
Attorney for Plaintiff

213 E. 38th Street
Savannah, GA 31401
(912) 236-6161

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

BRIAN DUNN,                        )
                                   )
          Plaintiff,               )
                                   )
v.                                 )          Civil Action No.
                                   )
CSX TRANSPORTATION, INC.,          )
                                   )
          Defendant.               )

### AFFIDAVIT OF NOBLE L. BOYKIN, JR.

PERSONALLY APPEARED BEFORE ME, an officer duly authorized to administer oaths,

NOBLE L. BOYKIN, JR., who, after being duly sworn, deposes and states the following:

2.     My name is NOBLE L. BOYKIN, JR. I represent the Plaintiff in the above action.

3.     I make the statements contained herein upon my own personal knowledge.

4.     Prompt service is necessary in the above action.

5.     ROGER L. GLADDEN is not related to any party to this action and is an
experienced process server. ROGER L. GLADDEN will attempt prompt service which will lessen
any delay in the prosecution of this action.

FURTHER AFFIANT SAYETH NOT.

Sworn to and Subscribed
before me this _16th_ day
of January, 2004.

NOTARY PUBLIC

My commission expires:

**MARTHA L. KRAESKI**
Notary Public, Chatham County, GA
My Commission Expires September 23, 2005

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

04 JAN 16 PM 4:45

*Chatham W. Blair, Jr.*

BRIAN DUNN _____

**PLAINTIFF**

v.                                                       Civil Action No. *IO40201GI*

CSX TRANSPORTATION, INC. _____

**DEFENDANT**

**S U M M O N S**

TO THE ABOVE-NAMED DEFENDANT:        CSX Transportation, Inc.
*C/o Wm. A. Gerstmyer, Reg. Agent*
*242 Culver St., Ste. 102*
*Lawrenceville, GA 30045*

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

NOBLE L. BOYKIN, JR.
JONES, BOYKIN, STACY & ASSOCIATES, P.C.
213 E. 38th STREET
SAVANNAH, GA 31401

an Answer to the Complaint and Discovery which are herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief sought.

This ___16th___ day of January, 2004.

_____
CLERK OF STATE COURT
CHATHAM COUNTY

By _____
Clerk/Deputy Clerk